# UNITED STATES BANKRUPTCY COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| In re: | : | Chapter 13 |
| | : | |
| Claude C. Mollenthiel and Tamayo Mollenthiel, | : | Case No. 5:19-bk-03635-RNO |
| | : | |
| Debtors. | : | |

## OBJECTION OF DEPALMA ACQUISITION I LLC TO CONFIRMATION OF THE DEBTORS' FIRST AMENDED CHAPTER 13 PLAN

DePalma Acquisition I LLC ("DePalma"), by and through its undersigned counsel, does hereby object to the First Amended Chapter 13 Plan of Claude C. Mollenthiel and Tamayo Mollenthiel (the "Debtors") pursuant to 11 U.S.C. §§ 1324 and 1325, and Rule 3015 of the Federal Rules of Bankruptcy Procedure. In support of this objection, DePalma respectfully avers that:

## BACKGROUND

1. On August 29, 2019, the Debtors filed a voluntary petition (the "Petition") for relief under Chapter 13, Title 11 of the United States Code (the "Bankruptcy Code").

2. This contested matter arises under 11 U.S.C. §§ 1324 and 1325 and Federal Rule of Bankruptcy Procedure 3015(f), and is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(L). This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 157(a) and 1334.

3. On May 7, 2014, Debtor, Claude C. Mollenthiel, received a loan from Rapid Funding NYC, LLC ("Rapid Funding") in the amount of $550,000.00 and signed a Note promising to repay the loaned amount with interest at the rate of 3.75% per annum (the "Loan").

4. To secure repayment of the Loan, Debtor, Claude C. Mollenthiel, executed a Security Agreement, also dated May 7, 2014, granting Rapid Funding a security interest in his New York City taxi medallion No. 2A10 (the "Taxi Medallion").

5. The Note and Security Agreement have been assigned to DePalma.

6. The Loan matured on June 1, 2017, and the balloon payment due on maturity has not been made. There have been no payments made with respect to the Loan since at least April 2018.

7. The Debtors listed their ownership of the Taxi Medallion under the heading "Licenses, franchises, and other general intangibles" on page 5 of Schedule A/B, filed with their Petition. The Debtors listed the value of the Taxi Medallion as $200,000.00.

8. The Debtors listed DePalma's secured claim in the Taxi Medallion in Section 2.2 of Schedule D, filed with their Petition. Specifically, the Debtors listed the amount of DePalma's claim as $546,361.00, the value of the collateral that supports DePalma's claim as $200,000.00, and the unsecured portion of DePalma's claim as $346,361.00.

9. DePalma filed a Proof of Claim on November 6, 2019.

10. On August 28, 2019, the Debtors filed their Chapter 13 Plan (the "Original Plan").

11. In the Original Plan, the Debtors stated that "[n]o payments will be made to [DePalma] during the pendency of the Bankruptcy," but did not state an intention to surrender the Taxi Medallion to DePalma.

12. On November 15, 2019, DePalma filed an objection to confirmation of the Original Plan.

13. On February 24, 2020, the Debtors filed their First Amended Chapter 13 Plan (the "Plan").

14. In the Plan, the Debtors inconsistently indicate that no collateral will be surrendered as part of the Plan and that the Taxi Medallion will be surrendered.

**GROUNDS FOR OBJECTION TO THE PLAN**

15. Section 1324 of the Bankruptcy Code states that a party in interest may object to the confirmation of a plan.

16. As acknowledged by the Debtors, DePalma has a claim against the Debtors that is secured by property of the Debtors. Therefore, DePalma is a party in interest.

17. Confirmation of the Debtors' Plan should be denied because the Plan does not meet the requirements set forth in Section 1325 of the Bankruptcy Code. With respect to a secured claim, Section 1325(a)(5) provides that, a plan may be confirmed only if one of the following requirements is satisfied: (i) the holder of the secured claim has accepted the plan; (ii) the debtor's payments to the secured creditor comply with certain criteria and the creditor retains its lien; or (iii) the debtor surrenders to the secured creditor, the collateral securing its claim. *See* 11 U.S.C. § 1325(a)(5). DePalma does not accept the Debtors' Plan, and the Plan does not provide for treatment of DePalma's secured claim in accordance with (i), (ii) or (iii) set forth in the preceding sentence.

18. Specifically, the Debtors' Plan states that the Debtors will not surrender any collateral. Accordingly, the Debtors' Plan does not meet the requirements of §1325(a)(5) of the Bankruptcy Code and therefore, cannot be confirmed.

19. DePalma reserves the right to raise additional objections to the Plan at the confirmation hearing.

## CONCLUSION

WHEREFORE, DePalma respectfully requests that the Court enter an order sustaining its objections, denying approval of the Debtors' Plan, and granting such other and further relief as the Court deems just.

Respectfully Submitted,

STRADLEY RONON STEVENS & YOUNG, LLP

Dated: March 23, 2020

By: /s/ Christopher A. Reese
Christopher A. Reese
2005 Market Street, Suite 2600
Philadelphia, PA 19103-7098
(215) 564-8000 (Telephone)
(215) 564-8120 (Facsimile)

Attorneys for DePalma Acquisition I LLC

4485820v.1

# UNITED STATES BANKRUPTCY COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| In re: | : | Chapter 13 |
| | : | |
| Claude C. Mollenthiel and Tamayo Mollenthiel, | : | Case No. 5:19-bk-03635-RNO |
| | : | |
| Debtors. | : | |

## ORDER

AND NOW, this ____ day of _____, 2020, upon consideration of the First Amended Chapter 13 Plan ("Plan") filed by Claude C. Mollenthiel and Tamayo Mollentheil (the "Debtors") and the Objection of DePalma Acquisition I LLC ("DePalma") to Confirmation of the Debtors' Plan (the "Objection"), and after having determined that the Plan cannot be confirmed due to its failure to meet the requirements of § 1325(a)(5) of the Bankruptcy Code, it is hereby

ORDERED that the Objection to the Plan is SUSTAINED; and it is further

ORDERED that confirmation of the Debtors' Plan is DENIED.

BY THE COURT:

_____
ROBERT N. OPEL II
UNITED STATES BANKRUPTCY JUDGE

4485820v.1

# UNITED STATES BANKRUPTCY COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| In re: | : | Chapter 13 |
| | : | |
| Claude C. Mollenthiel and Tamayo Mollenthiel, | : | Case No. 5:19-bk-03635-RNO |
| | : | |
| Debtors | : | |

## CERTIFICATE OF SERVICE

I, Christopher A. Reese hereby certify that on March 23, 2020, I caused a true and correct copy of the Objection of DePalma Acquisition I LLC to Confirmation of the Debtors' First Amended Chapter 13 Plan (the "Objection") to be served via electronic transmission upon the following:

Tullio DeLuca, Esquire
381 N. 9th Avenue
Scranton, PA 18504

Charles J. DeHart, III, Esquire
Chapter 13 Trustee
8125 Adams Drive
Suite A
Hummelstown, PA 17036

United States Trustee
228 Walnut Street
Suite 1190
Harrisburg, PA 17101

On March 23, 2020, I also caused a copy of the Objection to be served via first class, United States mail, postage prepaid upon the following:

Claude C. Mollenthiel
Tamayo Mollenthiel
1 Blair Court
East Stroudsburg, PA 18301

/s/ Christopher A. Reese
Christopher A. Reese

4485820v.1